An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DAVID PEREZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CAROLYN ELLSWORTH, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 65475

**FILED**

MAY 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition[1] challenges a district court order denying petitioner Michael David Perez's motion to dismiss an indictment on the grounds that the grand jury received inadmissible evidence and that no legal evidence established that he perpetrated the charged offenses.

Perez was indicted by a grand jury on February 10, 2011, on a variety of charges stemming from his alleged beating of his girlfriend. He

---

[1]Because the district court had jurisdiction to consider Perez's motion to dismiss the indictment, prohibition is not an appropriate avenue for extraordinary relief. *See* NRS 34.320.

14-14084

entered into a plea agreement later that year and was sentenced to 5 to 15 years in prison. This court reversed his convictions on the grounds that the district court's improper involvement in the plea negotiations was inherently coercive under *Cripps v. State*, 122 Nev. 764, 137 P.3d 1187 (2006). *Perez v. State*, Docket No. 60743 (Order of Reversal and Remand, February 14, 2013). On February 7, 2014, Perez filed a motion to dismiss the indictment. Thereafter, the district court denied the motion, concluding that Perez's challenge should have been raised in a pretrial petition for a writ of habeas corpus. Thereafter, Perez filed a motion for reconsideration. The district court granted the motion for reconsideration to consider Perez's motion to dismiss on the merits but nevertheless denied the motion.

We conclude that extraordinary relief is not warranted in this instance. Perez's challenge to the grand jury proceedings centers upon the admissibility of certain evidence, but the core of his argument is that insufficient evidence was presented to the grand jury to establish probable cause. Challenges to the grand jury's probable cause determination are appropriately raised in a pretrial petition for a writ of habeas corpus, *see* NRS 34.700, rather than a motion to dismiss the indictment, *see* NRS 174.105. A pretrial habeas petition based on a lack of probable cause must be filed within 21 days after an accused's first appearance in district court. Perez's challenge to the grand jury proceedings was clearly untimely. While the district court granted reconsideration of its decision after correctly denying his motion, we conclude that Perez has failed to

demonstrate that our intervention is warranted under the circumstances. Accordingly, we deny the petition. *See* NRAP 21(b).

It is so ORDERED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Carolyn Ellsworth, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We deny petitioner's motion for a stay of the district court proceedings.